IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA BOND, | ) |
| Plaintiff | ) Case No. 1:19-cv-0269 (Erie) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| MCKEAN COUNTY, | ) UNITED STATES MAGISTRATE JUDGE |
| | ) |
| | ) MEMORANDUM OPINION ON |
| Defendants | ) DEFENDANT'S MOTION TO |
| | ) DISMISS/OR IN THE ALTERNATIVE, |
| | ) FOR SUMMARY JUDGMENT |
| | ) |
| | ) ECF NO. 29 |

Plaintiff Pamela Bond (Bond) has sued McKean County, Pennsylvania (County). See ECF No. 1. The County has filed a motion to dismiss Bond's Complaint pursuant to Rules 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 29. Upon review, the Court will grant the County's motion and dismiss Bond's Complaint based upon lack of subject matter jurisdiction and the Complaint's failure to state a claim.[1] The Court further finds that the Complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii).

I. Legal Standards

   A.   Motions to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6)

A facial challenge to this Court's jurisdiction pursuant to Rule 12(b)(1) "attacks the complaint on its face without contesting its alleged facts...." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir.

---

[1] Given this disposition, the Court need not reach the County's arguments pursuant to Rule 56.

2006) (internal quotation marks omitted)). In this regard, it "is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not deciding whether a plaintiff is likely to prevail on the merits; instead, a plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint should only be dismissed under Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (rejecting the traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff in making this determination. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). Because Bond proceeds pro se, her pleadings are liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

        B.      Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

Where the Court has granted the plaintiff *in forma pauperis* status and thereby authorized her to litigate without the payment of filing and other court fees, the Court is obliged to dismiss the plaintiff's action "at any time" it determines that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint filed *in forma pauperis* is not automatically frivolous because it fails to state a claim, however. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also*

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28). Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to § 1915(e)(2)(B), a court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

II.     The Complaint

Bond's Complaint alleges three distinct factual scenarios on which she bases three separate claims. The Court accepts the factual allegations as true for purposes of the County's motion to dismiss. Bond applied for public housing assistance with the McKean Housing Authority. ECF No. 1, p. 3, ¶1. The housing authority doubled her rent, locked her out of her apartment on Bushnell Street, and voided her lease despite Bond's seven-month record of payment. *Id.*, at p. 3, ¶¶ 1-3. By way of damages, she asks for an "actualization of her rental history" and reimbursement for motel bills due to her eviction. *Id.*

Next, the Complaint makes allegations concerning Bond's automobile and her failure to have it inspected according to Pennsylvania law. Sixth months after passing inspection in 2017, a state policeman ticketed Bond for operating the vehicle with an expired inspection sticker. *Id.*, p. 4, ¶¶ 1-2. Bond was summoned to state court and fined. *Id.*, p. 4, ¶¶ 3-4. According to Bond, a vandal "scraped off and put an expired sticker on the car." *Id.*, at 4, ¶ 5. She asks this Court to clear her driving record, revoke the fine imposed by the state court, and prohibit the revocation of her driver's license. *Id.*, p. 5.

3

The last set of allegations concern Bond's property tax arrearage on her Dawson Street property, and the disposition of that property at a later sheriff's sale for her failure to pay those taxes. She alleges:

> Plaintiff has been notified that her house is being sold for $3,000.00 for back taxes. Plaintiff has not even lived in the house for two years, het there are huge late fees applied to the bill. You are considered late with paying taxes the first day of the year coinciding with your tax bill. Kane Borough does not allow residency without prepaying property tax. They have now set up a sale date for the 316 Dawson Street residence for they (sic) regard as back taxes. Payments on the part of the Plaintiff at settlement had not been applied.

*Id.*, p. 5. By way of relief, Bond's Complaint asks this Court for "a public accounting of the bill." *Id.*

III.   Discussion

Bond's Complaint will be dismissed. It fails to state a claim under any legal theory and, to the extent it purports to do so, none of the claims falls within the subject matter of this Court. In most respects, the Complaint is frivolous.

As to Bond's first claim concerning her rental of an apartment from the McKean Housing Authority, she has sued the wrong party. The enabling provisions of the Housing Authorities Law provide that a housing "Authority shall constitute a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof." *Al-Athariyyah v. Wilkes-Barre Hous. Auth.*, 2009 WL 9102291, at *2 (Pa. Commw. Ct. Dec. 22, 2009) (citing 35 Pa. C. S. § 1550). "Each such Authority may be known as the housing authority of the city or the county, as the case may be, but shall in no way be deemed to be an instrumentality of such city or county, or engaged in the performance of a municipal function." *Id.* (citing 35 Pa. C.S. § 1544(a)). Thus, McKean County is not legally responsible for the actions of the McKean Housing Authority. Therefore, Bond's claim against it relating to her apartment will be dismissed. And, because the McKean Housing Authority

4


would be immune from suit, any amendment to add the Authority as a defendant would be futile. *See Al-Athariyyah*, 2009 WL 9102291, at *3; *Byard v. Philadelphia Housing Authority*, 629 A.2d 283 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 536 Pa. 618, 637 A.2d 278 (1993); *Battle v. Philadelphia Housing Authority*, 594 A.2d 769 (Pa. Super. Ct. 1991) (Philadelphia Housing Authority is a Commonwealth agency for purposes of sovereign immunity); *Crosby v. Kotch*, 580 A.2d 1191 (Pa. Cmwlth. 1990) (Luzerne County Housing Authority is a Commonwealth agency for purposes of sovereign immunity); *Irish v. Lehigh County Housing Authority*, 751 A. 2d 1201 (Pa. Cmwlth. 2000), *petition for allowance of appeal denied*, 567 Pa. 732, 786 A.2d 991 (2001) (Lehigh County Housing Authority protected by sovereign immunity).

The Court has already touched on Bond's claims regarding her automobile citations. *See* ECF No. 27. In an order denying her "Motion to Request Court Perusal of Plaintiff's Driving Record," this Court noted that Bond failed to "name as defendant any entity or body responsible for issuing or restoring driving privileges in Pennsylvania, and her motion states no legally cognizable grounds for her requested relief." *Id.*; see also ECF No. 22 (motion). The basis for that order is the same as the Court's basis for dismissing this claim: Bond presents no legally cognizable grounds for relief, nor can this Court award her the relief requested. *See, e.g., Hammer v. Lossing*, 2007 WL 1965524, at *1 (M.D. Pa. July 3, 2007).

A careful reading of Bond's Complaint demonstrates that she ask this Court to 1) consider issues that should have been raised initially in the state court, and/or 2) involve this Court in the workings of the Pennsylvania Department of Motor Vehicles, without cause to do so. Thus, as the Court can ascertain no cognizable grounds for subject matter jurisdiction, we will dismiss this claim without leave to amend as any attempt at amendment would be futile. *See Hammer*, 2007 WL 1965524, at *1.

Bond's last claim will likewise be dismissed. By way of remedy, she asks this Court for a "public accounting of the [tax] bill." ECF No. 1, p. 5. Here, Bond seeks relief that the Court cannot grant. *See, e.g., Funk v. Obama*, 2012 WL 6642688, at *4 (M.D. Pa. Sept. 27, 2012), *report and recommendation adopted*, No. 3:12-CV-01830, 2012 WL 6642729 (M.D. Pa. Dec. 20, 2012). Because Bond's Complaint is frivolous under the standards provided by 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and because the Court cannot order a "public accounting" of her tax bill, it would be futile to allow her to amend her Complaint as to this claim. *See Funk*, 2012 WL 6642688, at *4 (M.D. Pa. Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 6642729 (M.D. Pa. Dec. 20, 2012).

IV.   Conclusion

For the reasons set forth above, the Complaint will be dismissed with prejudice as frivolous and for a failure to state a claim on which relief can be granted. An order follows.

## ORDER

Upon review, and for the reasons stated in the accompanying Memorandum Opinion, the Defendant's Motion to Dismiss [ECF No. 29] is here by GRANTED. Plaintiff's Complaint is hereby dismissed, with prejudice, as legally frivolous under 28 U.S.C. §1915(e)(2) and for failure to state a claim. The Clerk of Court is ordered to close this case.

Entered and Ordered this 25th day of August, 2020.

RICHARD A. LANZILLO
United States Magistrate Judge